Oliver S. Lawler and Eva V. Lawler v. Commissioner.
Lawler v. Commissioner
Docket No. 195-69 SC.
United States Tax Court
T.C. Memo 1969-150; 1969 Tax Ct. Memo LEXIS 146; 28 T.C.M. (CCH) 761; T.C.M. (RIA) 69150; July 15, 1969, Filed Arthur Levine, for the petitioners. Marvin A. Fein, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $342 in petitioners' Federal income tax for the year 1966. The only issue for decision is whether petitioners are entitled to dependency exemption deductions for Kevin, Susan and Diane Lawler for the year 1966. This depends upon whether petitioners provided over one half of the total support of the children in that year. Findings of Fact Some of the facts have been stipulated by the parties *147 and are found accordingly. Oliver S. Lawler (herein called Oliver) and his present wife, Eva, were legal residents of Long Island City, New York, at the time they filed their petition in this case. Their joint Federal income tax return for the year 1966 was filed with the district director of internal revenue, Manhattan, New York. On that return petitioners claimed dependency exemptions for Kevin, Susan and Diane Lawler, who are Oliver's children by his previous marriage to Lois Lawler (herein called Lois). Oliver and Lois were married in January 1955. They entered into a separation agreement on February 18, 1965, under the terms of which Oliver agreed to pay Lois $30 per week for the support of Kevin, then age 8, Susan, then age 6, and Diane, then age 4. During the year 1966 the three children resided with their mother in a five-room apartment at 117-18 124th Street, South Ozone Park, New York, and apart from their father except for visitation and 762 vacation periods specified in the separation agreement. Pursuant to the separation agreement, Oliver paid Lois $1,910 during the year 1966 of which $1,650 was for the support, maintenance and education of the three children *148 and $260 was for the support and maintenance of Lois. During the year 1966 Oliver expended approximately $2,324.95 for the support of his three children, comprised of $1,650 in support payments, $400 for visitation and recreation expenses, $90 for clothing, $125 for Christmas and birthday gifts and $59.95 for books. About $744.98 was expended for the support of each child. The total support provided all three children in 1966 was approximately $5,406, as follows: Kevin
Susan
Diane
Food
$ 650
$ 650
$ 650
Lodging
290
290
290
Utilities
40
40
40
Telephone
20
20
20
Child Care
85
85
85
Education
17
17
Recreation
218
218
218
Medical and Dental
80
60
35
Clothing
337
294
267
Gifts and Books 130
130
130
Total
$1,867
$1,804
$1,735
Petitioner did not provide over half of the total support for Kevin, Susan and Diane in 1966. Opinion In order to qualify for the exemption for dependents under section 151(e), Internal Revenue Code of 1954, [1] a taxpayer must provide over one half of the claimed dependent's support. [2] We have found on this record that Kevin received total support in 1966 of $1,867, *149 Susan $1,804, and Diane $1,735. Petitioners provided about $774.98 for the support of each child, with Lois or others providing the balance. In making these findings we have accepted generally the testimony of Lois and Oliver and have excluded only doubtful items. Specifically, we have excluded about one half of the amounts estimated by Oliver as visitation and recreation expenses because we think such amounts are inflated and we believe the testimony of Lois as to the frequency of his visits with the children. *150 On the basis of all the evidence we are convinced that petitioners did not provide over half of the children's total support in 1966. Therefore, we hold that they are not entitled to the dependency exemption deductions claimed for the children for that year. Decision will be entered for the respondent. Footnotes
1. SEC. 151(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
2. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either,↩